UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Case No. 12-cr-20332-02
v.                                       Honorable Thomas L. Ludington

PATRICK RAY SHEPPARD,

      Defendant.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITIONER'S MOTION TO STAY, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On May 16, 2012, an indictment was issued charging Petitioner Patrick Ray Sheppard with five criminal counts related to two bank robberies that Sheppard and two co-defendants committed in March of 2012. *See* ECF No. 28. According to the indictment, Sheppard brandished a handgun to intimidate bank employees and patrons during the course of one of the robberies. *Id.* As a result Sheppard was charged with the one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, two counts of aiding and abetting armed bank robber in violation of 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. § 2, and two counts of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. *Id.*

On September 19, 2012 Sheppard pled guilty to the conspiracy charge and one count of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2, or Counts 1 and 3 of the indictment. On December 20, 2012 Sheppard was

sentenced to 60 months' imprisonment on Count 1 and seven years on Count 3, to run consecutively. Judgment was entered on January 8, 2013. *See* ECF No. 75.

On August 25, 2016 Sheppard filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 126. After the Government moved to dismiss Sheppard's motion to vacate, Sheppard moved to stay the proceeding. *See* ECF Nos. 132, 135. All of the motions were referred to Magistrate Patricia T. Morris, who issued a report and recommendation on November 17, 2016. *See* ECF No. 137. In her report the magistrate judge recommends denying Sheppard's motion to stay, granting the Government's motion to dismiss, and dismissing Sheppard's motion to vacate. *Id.* Sheppard filed objections on December 7, 2016.

## I.

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard . . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Petitioner Sheppard raises three objections to the magistrate judge's report and recommendation: first, he argues that the magistrate judge erred in recommending that his motion to stay be denied; second, he argues that the magistrate judge erred in finding his claims untimely under § 2255(f)(1); third, he argues he has demonstrated prejudice resulting from ineffective assistance of counsel in satisfaction of the requirements of *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Sheppard's objections are without merit, and will be overruled.

**A.**

Sheppard's objections will first be addressed as they relate to his first and third claims for relief. The magistrate judge did not directly address these claims, but found generally that Sheppard's petition was untimely. In his first and third claims for relief, Sheppard argued that his trial counsel was ineffective for failing to challenge his criminal history, resulting in a procedurally and substantively unreasonable sentence. Specifically, Sheppard argued that his sentence was impermissibly based in part upon the violation of a local ordinance. *See* Am. Plea Agreement p. 15, ECF No. 63. Sheppard's criminal history score of five was based upon three offenses resulting in one criminal history point each pursuant to U.S.S.G. § 4A1.1(c), and two additional points for committing the charged offense while under prior sentence pursuant to U.S.S.G. § 4A1.1(d). His five criminal history points resulted in a criminal history category of III.

Sheppard's objection to the magistrate judge's finding that his first and third claims are untimely is without merit. A motion seeking relief under § 2255 is untimely if it is not filed within a 1-year period of limitation. 28 U.S.C. § 2255(f). That limitation period shall run from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at (f)(1)–(4). Sheppard did not appeal his conviction, and judgment was entered on January 8, 2013. Sheppard's current § 2255 motion was not filed until August 25, 2016, over three years later. His ineffective assistance of counsel claim therefore falls well outside the one year limitations period under § 2255(f)(1), and Sheppard has not identified any retroactive change in law or newly discovered evidence with respect to this claim. His second objection will therefore be overruled with regard to these claims.

Considering Sheppard's claim would not entitle him to any relief. U.S.S.G. § 4A1.1(c) directs the Court to add one criminal history point for each of a defendant's prior sentences that do not fall into any other category for up to four points. Sheppard's criminal history reflects that he served a 30 day sentence for violating the local ordinance in question. He therefore has not demonstrated that the assessment of one point based upon that offense was wrongful. Even if the local ordinance violation was omitted from Sheppard's criminal history, Sheppard still would have received four criminal history points, which still would have resulted in a criminal history category of III. Any error in this regard is therefore harmless, since correcting the alleged error

would not change Sheppard's criminal history category. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). Sheppard's third objection is therefore without merit and will be overruled.

**B.**

Petitioner Sheppard's objections will next be addressed as they relate to his second claim for relief. In his second objection, Sheppard argues that the magistrate judge erred in finding his second claim for relief untimely. The magistrate judge's findings in this regard relate to Sheppard's conviction and sentence for using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

In arguing that his second claim for relief is timely, Sheppard contends that the violent crime enhancement found in 18 U.S.C. § 924(c) was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny. In *Johnson* the United States Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague in violation of the due process clause of the Fifth Amendment. *Id.* The ACCA provides an enhanced penalty for persons who violate § 922(g) and have three previous convictions for a violent felony or serious drug offense, or both. The offending provision, 18 U.S.C. § 924(e)(2)(B)(ii), broadly defines violent felony as "burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*...." *Id.* (emphasis added).

Sheppard was not sentenced under the ACCA, but under 18 U.S.C. § 924(c). Under § 924(c)(ii), any person who brandishes a firearm during and in relation to a crime of violence shall be sentenced to a term of imprisonment of not less than seven years in addition to the

punishment provided for the underlying crime. "Crime of violence" is defined as a felony offense that

> (i)      has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
>
> (ii)      *that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*"

18 U.S.C. § 924(c)(3) (emphasis added).

In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), the Sixth Circuit rejected an argument that the Supreme Court's reasoning in *Johnson* applied to penalties under 18 U.S.C. § 924(c). Underlying this decision was a finding that § 924(c)(3)(B) is distinctly narrower than the ACCA's residual clause. *Id*. at 376. The Sixth Circuit also noted that, unlike the ACCA residual clause, § 924(c)(3)(B) is not linked to a confusing set of examples, and, unlike the ACCA residual clause, there is no documented history of confusion with respect to § 924(c)(3)(B). *Id*. Binding Sixth Circuit precedent thus holds that *Johnson* is inapplicable to the facts of Defendant Sheppard's case. Because *Johnson* is inapplicable to his case, his objection to the magistrate judge's finding that his claim is untimely is without merit.

Moreover, even if the reasoning in *Johnson* applied to the language of § 924(c)(3)(B)(ii), *Johnson* would still be inapplicable to Sheppard's case. Sheppard was convicted for using and carrying a firearm in connection with a conspiracy to commit bank robbery. Sheppard's conviction therefore had as an element the threatened use of physical force against the person or property of another, and thus falls within the parameters of § 924(c)(3)(B)(i). *See United States v. Armour,* 840 F.3d 904 (7th Cir. 2016) (holding that "the federal crime of attempted armed

bank robbery qualifies as a crime of violence under the 'elements' clause of the definition, which is not unconstitutionally vague."); *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) (holding that a conviction for brandishing a weapon in connection with a bank robbery falls within the 'elements' clause of § 924(c)(3)(B) and qualifies as a crime of violence).

## C.

In his final objection, Sheppard argues that his § 2255 proceedings should be stayed pending the outcome of *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). In *Dimaya*, the Ninth Circuit Court of Appeals found that the Immigration and Nationality Act's definition of "aggravated felony" was unconstitutionally vague in light of the Supreme Court's holding in *Johnson*. As determined by the magistrate judge, the Immigration and Nationality Act is irrelevant to the present case. Sheppard's first objection will be overruled, and his motion to stay will be denied.

## II.

Before a petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In

applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## III.

Accordingly, it is **ORDERED** that Petitioner Sheppard's objections, ECF No. 139, are **OVERRULED**.

It is further **ORDERED** that the magistrate judge's report and recommendation, ECF No. 137, is **ADOPTED**.

It is further **ORDERED** that Petitioner Sheppard's motion to stay, ECF No. 135, is **DENIED**.

It is further **ORDERED** that the Government's motion to dismiss, ECF No. 132, is **GRANTED**.

It is further **ORDERED** that Defendant Sheppard's motion to vacate, ECF No. 126, is **DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 15, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2016.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager